FILED
SEP 17 2013
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF REO 2011-1,<br><br>Plaintiff,<br>vs.<br><br>HOSSEIN M. SADEGHI, GOLNAR SADEGHI and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 13cv2123-WQH-KSC<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Notice of Removal and the Court's consideration of its subject-matter jurisdiction. (ECF No. 1).

## I. Background

On February 1, 2013, Plaintiff U.S. Bank National Association, Not in Its Individual Capacity, but Solely as Trustee for SRMOF REO 2011-1, filed a Complaint for unlawful detainer in San Diego County Superior Court, which was assigned case number 37-2013-00033878-CL-UD-CTL. (ECF No. 1-3).

On July 2, 2013, Defendant Hossein M. Sadeghi ("Defendant"), proceeding pro se, filed a Notice of Removal in this Court, which was assigned case number 13cv1544-WQH-BLM ("13cv1544") and which asserted subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1443(1). (Case No. 13cv1544, ECF No. 1). On July 11, 2013, Plaintiff filed a motion to remand case number 13cv1544 on the basis that the Court lacked subject-matter jurisdiction and the removal was

untimely. (Case No. 13cv1544, ECF No. 3). On July 31, 2013, Defendant filed an opposition to the motion to remand. (Case No. 13cv1544, ECF No. 7). On August 26, 2013, the Court granted the motion to remand, and remanded this action to state court on the basis of, inter alia, lack of subject-matter jurisdiction and the failure to timely remove pursuant to 28 U.S.C. § 1446(b)(1). (Case No. 13cv1544, ECF No. 11).

On September 10, 2013, Defendant filed a second Notice of Removal, again attempting to remove San Diego County Superior Court Case Number 37-2013-00033878-CL-UD-CTL to this Court. (ECF No. 1). Defendant again contends that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1443(1). *Id.* at 2-3.

**II. Discussion**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The burden of establishing federal subject matter jurisdiction is on the party seeking removal. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). "The removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand." *Hofler v. Aetna U.S. Healthcare of Cal., Inc.*, 296 F.3d 764, 767 (9th Cir. 2002) (quotation omitted). A second removal is permissible when made on new grounds arising from subsequent pleadings or events. *See Peabody v. Maud Van Cortland Hill Schroll Trust*, 892 F.2d 772, 776 (9th Cir. 1989). A party may not remove a case twice based on the same grounds. *See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) ("[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction."); *cf. Sys. Design Solutions Inc. v. Watch Sys. LLC*,

1  No. CV 09-6871, 2009 WL 3245813, at *1 (C.D. Cal. Oct. 7, 2009) ("[A] second attempt at removal is justified only when there has been a substantial change in the nature of the instant case since it was last in this court.").

The second Notice of Removal does not state that there has been a change in the nature of the case or any subsequent pleading which might provide a basis for a second removal. The second Notice of Removal simply repeats the same arguments made by Defendant in the first Notice of Removal and the opposition to the motion to remand. For the reasons discussed in the Court's August 26, 2013 Order, Defendant has failed to demonstrate that this Court has subject-matter jurisdiction pursuant to either 28 U.S.C. § 1332(a), or 28 U.S.C. § 1443(1). *See* S.D. Cal. Case No. 13cv1544, ECF No. 11 at 2-4. To the extent the second Notice of Removal contends that federal-question jurisdiction exists apart from 28 U.S.C. § 1443(1), the existence of a defense based upon federal law or the United States Constitution is insufficient to confer subject-matter jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.... [T]he existence of a defense based upon federal law is insufficient to support jurisdiction.") (quotation omitted). The Court finds that the second Notice of Removal does not adequately state a basis for federal subject-matter jurisdiction.

### III. Conclusion

IT IS HEREBY ORDERED that pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to the Superior Court of California, County of San Diego, where it was originally filed and assigned case number 37-2013-00033878-CU-UD-CTL.

DATED: 9/17/13

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE